UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONNY BORJA,

              Plaintiff,

    v.

CAPTAIN EATON, LT PETERS, SGT
BECKER,

              Defendants.

CASE NO. 14-5438 RBL

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL AND DIRECTING
PLAINTIFF TO PERFECT SERVICE

      This matter has been referred to United States Magistrate Judge Karen L. Strombom, pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Fed. R. Civ. P. 72. The case is before the undersigned because Plaintiff, Sonny Borja, filed and noted a motion requesting a jury trial and asking for appointment of counsel. Dkt. 6. **The Clerk's Office is directed to note that plaintiff has requested a jury trial.**

      Mr. Borja paid the full filing fee and is not proceeding in forma pauperis. Mr. Borja alleges that he was assaulted by a corrections officer in the county jail and then placed in

1   segregation.  Dkt. 5.  However Plaintiff admits that there are pending charges for custodial assault

2   as a result of this incident.  *Id*.  Mr. Borja challenges his classification and states that he has

3   remained on some form of lock down status or administrative segregation since this incident.  *Id*.

4   Mr. Borja states that it has been over 17 months since he was placed on the higher custody level.

5   *Id*. Mr. Borja asks for appointment of counsel and says he does not have access to "process

6   services."  Dkt. 6.

7        1.      Appointment of Counsel.

8        No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.*

9   *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

10   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

11   discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

12   appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

13   U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

14   *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

15        Plaintiff paid the full filing fee and is not proceeding as a indigent inmate.  Even if

16   Plaintiff were indigent a court could only appoint counsel in exceptional circumstances.  The

17   undersigned must evaluate both "the likelihood of success on the merits [and] the ability of the

18   petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."

19   *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d

20   952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of

21   his case or the legal issue involved and an inadequate ability to articulate the factual basis of his

22   claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

23        Plaintiff has the ability to articulate his claim and he has done so in his complaint.

24   Plaintiff alleges that he is being held at a higher classification level then he deserves.  Dkt. 5.

Plaintiff has no right to be held in any particular prison or at any particular custody level.  *Hewitt v. Helms*, 459 U.S. 460, 467-68 (1983), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 473 (1995); *Olim v. Wakinekona*, 461 U.S. 238 (1983).  This is true even if the transfer results in a "grievous loss."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Further, an inmate does not have a right to be free from administrative segregation.  *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).  Thus, plaintiff fails to show a likelihood of success on the merits.  Accordingly the undersigned **DENIES** plaintiff's motion for appointment of counsel.

       2.  Service of process.

       Mr. Borja states that  he does not have access to a "process service."  Dkt. 6, p. 2.  Fed. R. Civ. P. 4 addresses service of process.  Because Mr. Borja has also indicated he does not have access to federal legal material (Dkt. 6, p. 2) the undersigned sets forth relevant portions of Fed. R. Civ. P. 4:

> Federal Rule of Civil Procedure 4
> (a) Contents; Amendments.
>     (1) Contents. A summons must:
>         (A) name the court and the parties;
>         (B) be directed to the defendant;
>         (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
>         (D) state the time within which the defendant must appear and defend;
>         (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
>         (F) be signed by the clerk; and
>         (G) bear the court's seal.
>
>     (2) Amendments. The court may permit a summons to be amended.
>
> (b) Issuance. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PLAINTIFF TO PERFECT SERVICE- 3

1    (c) Service.

2        (1) In General. A summons must be served with a copy of the
         complaint. The plaintiff is responsible for having the summons and
3        complaint served within the time allowed by Rule 4(m) and must
         furnish the necessary copies to the person who makes service.

4
         (2) By Whom. Any person who is at least 18 years old and not a
5        party may serve a summons and complaint.

6        (3) By a Marshal or Someone Specially Appointed. At the plaintiff's
         request, the court may order that service be made by a United States
7        marshal or deputy marshal or by a person specially appointed by the
         court. The court must so order if the plaintiff is authorized to
8        proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman
         under 28 U.S.C. § 1916.

9
    (d) Waiving Service.
10
         (1) Requesting a Waiver. An individual, corporation, or association
11       that is  subject to service under Rule 4(e), (f), or (h) has a duty to
         avoid unnecessary expenses of serving the summons. The plaintiff
12       may notify such a defendant that an action has been commenced and
         request that the defendant waive service of a summons. The notice
13       and request must:
              (A) be in writing and be addressed:
14            (i) to the individual defendant; or
              (ii) for a defendant subject to service under Rule 4(h), to an
15            officer, a managing or general agent, or any other agent
              authorized by appointment or by law to receive service of
16            process;

17            (B) name the court where the complaint was filed;
              (C) be accompanied by a copy of the complaint, two copies of
18            a waiver form, and a prepaid means for returning the form;
              (D) inform the defendant, using text prescribed in Form 5, of
19            the consequences of waiving and not waiving service;
              (E) state the date when the request is sent;
20            (F) give the defendant a reasonable time of at least 30 days
              after the request was sent--or at least 60 days if sent to the
21            defendant outside any judicial district of the United States--to
              return the waiver; and
22            (G) be sent by first-class mail or other reliable means.

23       (2) Failure to Waive. If a defendant located within the United States
         fails, without good cause, to sign and return a waiver requested by a

24

plaintiff located within the United States, the court must impose on the defendant:

> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) Time to Answer After a Waiver. A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) Results of Filing a Waiver. When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) Jurisdiction and Venue Not Waived. Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor,   an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process......

(l) Proving Service.

(1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

1   (2) Service Outside the United States. Service not within any judicial
    district of the United States must be proved as follows:

2

3           (A) if made under Rule 4(f)(1), as provided in the applicable
            treaty or convention; or
            (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed
4           by the addressee, or by other evidence satisfying the court
            that the summons and complaint were delivered to the
5           addressee.

6   (3) Validity of Service; Amending Proof. Failure to prove service
    does not affect the validity of service. The court may permit proof of
7   service to be amended.

8   (m) Time Limit for Service. If a defendant is not served within 120 days after
    the complaint is filed, the court--on motion or on its own after notice to the
9   plaintiff--must dismiss the action without prejudice against that defendant or order
    that service be made within a specified time. But if the plaintiff shows good cause
10  for the failure, the court must extend the time for service for an appropriate
    period. This subdivision (m) does not apply to service in a foreign country under
11  Rule 4(f) or 4(j)(1)…..

12  *See*, Fed. R. Civ. P. 4.

13      Mr. Borja filed this action when he paid the filing fee and the Clerk's Office filed his

14  complaint on June 23, 2014.  Dkt. 5.  Therefore Mr. Borja has until October 21, 2014 to perfect

15  service in this case.

16      The Clerk is directed to send a copy of this Order to Plaintiff.

17      Dated this 26th day of August, 2014.

18

19                                          Karen L. Strombom
20                                          United States Magistrate Judge

21

22

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL AND DIRECTING
PLAINTIFF TO PERFECT SERVICE- 6