UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONNY BORJA,<br>                    Plaintiff,<br>v.<br><br>CAPT. EATON, LT. PETERS, AND SGT. BECKER,<br>                    Defendants. | No. C14-5438 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  November 28, 2014** |

In this 42 U.S.C. § 1983 civil rights complaint Plaintiff Sonny Borja alleges that Defendants, employees of the Thurston County Jail, violated his constitutional rights by wrongfully refusing to return him to medium custody, by keeping him in administrative segregation, and by denying him the ability to go to church in the facility.  Dkt. 5.  Plaintiff is not proceeding *in forma pauperis* and he paid the full filing fee on June 23, 2014.

On August 26, 2014, the undersigned denied Mr. Borja's motion for appointment of counsel and because he stated that he did not have access to "process service" or federal materials the undersigned set forth portions of Federal Rule of Civil Procedure 4 so that Mr. Borja was aware of his duty to perfect service of process.  Dkt. 7.  The August 26, 2014, order informed Mr. Borja that he had until October 21, 2014, to perfect service.  Dkt. 7.  However, there is no evidence in the record that any defendant was ever served with a summons and a copy of the complaint.  Therefore, the Court recommends dismissal of this action without prejudice.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m). Ignorance of the rules is not good cause. *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.1987). The standard of review is abuse of discretion, which indicates that a court has some discretion in deciding if dismissal is the proper remedy for failure to perfect service. *Wei v. State of Hawaii*, 763 F.2d 370, 371 (9th Cir. 1985).

The Ninth Circuit has stated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal if "(a) the party that had to be served personally received actual notice, (b) defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Here, there is no evidence that Mr. Borja attempted to serve any defendant, or that any defendant is aware of the action. Further, more than 120 days have elapsed since the action was filed on June 23, 2014. Mr. Borja was aware of his duty to perfect service as the August 26, 2014 order gave him the text of Fed. R. Civ. P. 4. Dkt. 7. Mr. Borjua has not shown good cause for his failure to perfect service.

REPORT AND RECOMMENDATION - 2

A court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4").

## CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 28, 2014**, as noted in the caption.

**DATED** this 29th day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3